IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Bankruptcy No. 07 B 14149 |
| | ) | |
| BAUSEMAN, FLORETTA, | ) | Chapter 13 |
| | ) | Hon. Jack B. Schmetterer |
| Debtor. | ) | |
| | ) | Date:  12/12/2012 at 9:30 a.m. |

## NOTICE OF MOTION

To:   -Office of the United States Trustee (via ECF)
   -Tom Vaughn, Chapter 13 Trustee (via ECF)
   -Codilis & Associates (via ECF)
   -US Bank National Association, attn: Jan Estep, President and CEO, 425 Walnut Street, Cincinnati, OH (via certified mail)
   -Ocwen Loan Servicing, LLC, c/o Illinois Corporation Service C, Registered Agent, 801 Adlai Stevenson Drive, Springfield, IL 62703  (via regular mail)
   -Ocwen Loan Servicing, LLC, 1661 Worthington Road, Suite 100, West Palm Beach, FL 33409 (via regular mail)

PLEASE TAKE NOTICE that on the 12th day of December, 2012, at 9:30 a.m., I shall appear before the Honorable Jack B. Schmetterer, in Courtroom 682 at the United States Bankruptcy Court, Northern District of Illinois, 219 S. Dearborn, Chicago, Illinois, and shall there and then present the attached: **Motion for Sanctions against Ocwen Loan Servicing, LLC and US Bank National Assocation, and to Determine Final Cure and Payment,** a copy of which is attached and is served upon you.

**LAW OFFICE OF PETER L. BERK**

By:   /s/ Peter L. Berk

Peter L. Berk, Esq.
Law Office of Peter L. Berk
79 West Monroe, Suite 900
Chicago, Illinois 60603
312/759-2838

## CERTIFICATE OF SERVICE

I, Peter L. Berk, an attorney, certify that a copy of the foregoing Notice and the document to which it refers were sent as indicated above, via ECF electronic transmission to the recipients' registered address, by regular mail, or by certified mail, by depositing a copy of the documents in the U.S. Mail box at 79 W. Monroe, Chicago, Illinois 60603, on the 20th day of November, 2012.

/s/ Peter L. Berk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Bankruptcy No. 07 B 14149 |
| | ) | |
| BAUSEMAN, FLORETTA, | ) | Chapter 13 |
| | ) | Hon. Jack B. Schmetterer |
| Debtor. | ) | |
| | ) | Date: 12/12/2012 at 9:30 a.m. |

### MOTION FOR SANCTIONS AGAINST OCWEN LOAN SERVICING, LLC AND US BANK NATIONAL ASSOCIATION AND TO DETERMINE FINAL CURE AND PAYMENT

NOW COMES Floretta Bauseman ("Debtor"), the Debtor in the above-captioned Chapter 13 case, by and through her attorney, Peter L Berk, and for her Motion for Sanctions against Ocwen Loan Servicing ("Ocwen") and US Bank National Association ("US Bank"), and to Determine Final Cure and Payment, states the following:

1. The Debtor filed this Chapter 13 case on August 7, 2007 ("Petition Date").

2. The Debtor is the owner of the real estate property located at 14647 Beachview Terrace, Dolton, IL 60419 ("Subject Property").

3. On the Petition date, Lasalle Bank National Assocation ("Lasalle") held and/or serviced a first mortgage lien on the Subject Property.

4. Pursuant to 11 U.S.C. §1322(b)(5), the Debtor's confirmed Chapter 13 Plan provided for the cure of a pre-petition default to LaSalle and maintenance of payments while the case is pending on LaSalle's secured claim.

5. The Debtor has completed her Chapter 13 Plan payments and has received her Chapter 13 discharge.

6. On July 30, 2012, LaSalle filed a Notice with the Court indicating that it assigned its mortgage claim to US Bank National Association. See Exhibit A.

7. Ocwen Loan Servicing ("Ocwen") is the mortgage servicer for US Bank National Association ("US Bank").

8. On October 4, 2012, the Chapter 13 Trustee Tom Vaughn filed and served upon Ocwen as agent for US Bank its Rule 3002.1(f) Notice of Final Cure Payment indicating that "the amount required to cure the default" with respect to the claim of US Bank had been paid in full.  See Exhibit B.

9. Pursuant to Bankruptcy Rule 3002.1(g), within 21 days of the service of the Rule 3002.1(f) notice, Ocwen and/or US Bank was required to file a statement "indicating (1) whether it agrees that the debtor has paid in full the amount required to cure the default on the claim, and (2) whether the debtor is otherwise current on all payments consistent with § 1322(b)(5) of the Code.  The statement shall itemize the required cure or post-petition amounts, if any, that the holder contends remain unpaid. . ."

10. Ocwen and US Bank have failed to file the Rule 3002.1(g) statement.

11. On November 20, 2012, a Rule 3002.1(g) statement was filed by "Lasalle Bank National Assocation, trustee C/O Chase Home Finance, LLC as Servicing Agent."  However, the Court should disregard the statement, as Lasalle no longer holds the subject mortgage.  Even if the statement had been filed by the proper party, it was 26 days late.

12. Ocwen has issued mortgage statements to the Debtor for October and November, 2012.

13. The October statement, attached hereto as Exhibit C, indicates "Post-Petition Past Due Amounts DUE IMMEDIATELY" of $9,266.25" including principal, interest, and escrow.  The statement also charges the Debtor for $270.18 "Late Charges" and "Prev-Prior Servicer Fees" which do not seem to be included in the previous figure.

14. The November statement, attached hereto as Exhibit D, indicates "Post-Petition Past Due Amounts DUE IMMEDIATELY" of $6,618.75" including principal, interest, and escrow.

15. The Debtor cannot determine the basis for the past-due amounts billed by Ocwen, and has been unable to get an answer from Ocwen's customer service.

16. To the best of Debtor's knowledge, she has made all required post-petition mortgage payments.

17. Pursuant to Bankruptcy Rule 3002.1(i), Ocwen and US Bank are subject to sanctions for failing to file a statement as required by Bankruptcy Rule 3002.1(g).  The Court may "preclude the holder from presenting the omitted information, in any form, as evidence in any contested matter or adversary proceeding in the case, unless the court determines that the failure was substantially justified or is harmless" and/or "award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure."

18. By billing the Debtor for alleged past-due amounts without filing the required itemization of post-petition charges, it would appear that Ocwen and US Bank have engaged in conduct that Rule 3002.1(g) was designed to prevent.  The rule provides for "a procedure for judicial resolution of any disputes that may arise about payment of a claim secured by the Debtor's principal residence."

19. The Debtor asks that the Court enter sanctions against Ocwen and US Bank in accordance with Bankruptcy Rule 3002.1(i).

20. The Debtor also requests that the Court determine the balance owed to US Bank as of the date of the hearing on this Motion, pursuant to Rule 3002.1(h).

WHEREFORE, the Debtor respectfully requests that the Court:

a) determine that the Debtor has fully cured the pre-petition mortgage default and has made all required post-petition payments;

b) hold a hearing to liquidate the balance of the indebtedness owed to US Bank;

c) preclude US Bank and Ocwen from presenting any evidence concerning any pre and post-petition amounts that they contend remain unpaid on Debtor's account;

     d) award Debtor her attorney's fees and costs incurred in addressing the failure of US Bank and Ocwen to comply with Bankruptcy Rule 3002 and obtaining liquidation of the Debtor's mortgage balance;

     e) grant the Debtor such other and further relief in her favor as is just and necessary;

     Respectfully Submitted,

**FLORETTA BAUSEMAN**

By : /s/ Peter L Berk
     Attorney

Law Office of Peter L Berk
Peter L Berk, Esq.  #6274567
79 West Monroe
Suite 900
Chicago, IL 60603
(312) 759-2838