# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Bankruptcy No. 07 B 14149 |
| | ) | |
| BAUSEMAN, FLORETTA, | ) | Chapter 13 |
| | ) | Hon. Jack B. Schmetterer |
| Debtor. | ) | |

## NOTICE OF FILING

To: -Office of the United States Trustee (via ECF)
-Tom Vaughn, Chapter 13 Trustee (via ECF)
-Justin Carter, Attorney for Ocwen Loan Servicing (via ECF)

PLEASE TAKE NOTICE that on the 4th day of February, 2013, I filed, with the United States Bankruptcy Court, Northern District of Illinois, 219 S. Dearborn, Chicago, Illinois, the attached: **Objection to Ocwen Loan Servicing's Motion for Leave to File Late Response to Trustee's Notice of Final Cure Payment,** a copy of which is attached and is served upon you.

**LAW OFFICE OF PETER L. BERK**

By: _____/s/ Peter L. Berk_____

Peter L. Berk, Esq.
Law Office of Peter L. Berk
79 West Monroe, Suite 900
Chicago, Illinois 60603
312/759-2838

## CERTIFICATE OF SERVICE

I, Peter L. Berk, an attorney, certify that a copy of the foregoing Notice and the document to which it refers were sent as indicated above, via ECF electronic transmission to the recipients' registered address, on the 4th day of February, 2013.

_____/s/ Peter L. Berk_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Bankruptcy No. 07 B 14149 |
| | ) | |
| BAUSEMAN, FLORETTA, | ) | Chapter 13 |
| | ) | Hon. Jack B. Schmetterer |
| Debtor. | ) | |

**OBJECTION TO OCWEN LOAN SERVICING'S MOTION FOR LEAVE TO FILE LATE RESPONSE TO TRUSTEE'S NOTICE OF FINAL CURE PAYMENT**

NOW COMES Floretta Bauseman ("Debtor"), the Debtor in the above-captioned Chapter 13 case, by and through her attorney, Peter L Berk, and for her Objection to Ocwen Loan Servicing's ("Ocwen") Motion for Leave to File Late Response to Trustee's Notice of Final Cure Payment (the "Motion"), states as follows:

**I. STATEMENT OF FACTS**

On October 4, 2012, the Chapter 13 Trustee filed its Notice of Final Cure Payment pursuant to Rule 3002.1(f), which required the creditor Ocwen Loan Servicing ("Ocwen") to respond within 21 days. Ocwen then failed to file a response within the requisite 21 day period, pursuant to Rule 3002.1(g). The only Response on record was filed late, in the name of JP Morgan Chase Bank, which no longer holds or services the subject mortgage. Ocwen also failed to request an extension of time prior to the expiration of the 21 day period. While failing to comply with the Bankruptcy Rule 3002.1(g), Ocwen sent bills to the Debtor requesting immediate payment of $9,266.25 in post-petition principal, interest, and fees. Ocwen sent a separate bill calling for $6,618.75 in principal, interest, and fees. The Debtor, meanwhile, maintains that she is current with respect to her post-petition mortgage payments.

On November 20, 2012, the Debtor filed her Motion for Sanctions pursuant to Rule 3002.1(i) and (h) asking that the Court award attorney's fees and prohibit Ocwen from offering evidence concerning post-petition amounts it claims remain unpaid on the account. The Debtor

also asked the Court to determine that she has fully cured the pre-petition mortgage default and made all required post-petition payments. On December 10, 2012, Ocwen filed the Motion, which the Debtor objects to herein.

## II. ARGUMENT

Pursuant to Bankruptcy Rule 9006(b)(3), the Court may only extend the time for Ocwen to file its required cure statement for cause shown, where the failure to act was excusable neglect. Whether excusable neglect is present is determined by all relevant factors surrounding the party's omission. Pioneer Inv. Co. v. Brunswick Assoc., Ltd., 507 U.S. 380, 395 (1993). Factors to be considered are the danger of prejudice to the parties, the length of the delay (including whether it was under the reasonable control of the creditor), and whether the creditor acted in good faith. Id.

Here, there was a danger of prejudice, as Ocwen billed the Debtor for post-petition sums it claims are unpaid, while failing to comply with Bankruptcy Rule 3002.1(g), which requires transparency with regard to principal, interest, fees and expenses claimed by the creditor. The billing appears to be at least somewhat arbitrary, as for October the Debtor was sent a bill for $9,266.25 "due immediately" and in November the Debtor received a bill for $6,618.75 "due immediately." It is the billing of the Debtor without filing the requisite statement that shows Ocwen's lack of good faith. The billing was dangerous, as the Debtor may very well have accepted it without contacting her attorney, who took the initiative to enforce the creditor's compliance with the Bankruptcy Rules.

There is no indication that Ocwen would have filed the Rule 3002.1(g) statement, had the Debtor not acted to request sanctions. If Ocwen is granted the extension of time as requested, it will be an incentive for mortgage companies to simply ignore the Rule 3002.1(g) requirement unless the Debtor seeks sanctions, at which time the mortgage company can simply ask the Court

for additional time to file the 3002.1(g) statement.  It would defeat the purpose of the Rule and improperly shift the burden to the Debtor to act.

In addition, Ocwen has not specified any reasons why compliance with Rule 3002.1(g) in the requisite time period was out of its control.  No legitimate excuse has been provided to the Court.

If the Court is inclined to grant the extension of time, it should not do so without requiring Ocwen to pay the attorney's fees and expenses of Debtor's counsel.

WHEREFORE, the Debtor respectfully requests that the Court deny Ocwen's Motion for Leave to File Late Response to Trustee's Notice of Final Cure Payment.

Respectfully Submitted,

**FLORETTA BAUSEMAN**

By : /s/  Peter L Berk
         Attorney

Law Office of Peter L Berk
Peter L Berk, Esq.  #6274567
79 West Monroe
Suite 900
Chicago, IL 60603
(312) 759-2838